IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHNNY EUGEN ROE,

    Plaintiff,

v.

DALE COX; ROGERS STATE
PRISON; and STATE OF
GEORGIA,

    Defendants.

CIVIL ACTION NO.: CV610-003

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the McEver Probation Detention Center in Perry, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was injured while on work detail at Rogers State Prison attempting to hook up a potato trailer to a tractor. Plaintiff states that Defendant Cox instructed an inexperienced inmate to reverse the tractor up to the trailer, which was resting on cinder blocks. Plaintiff claims that when the inmate attempted to reverse the tractor, the cinder blocks were knocked over on top of Plaintiff, and Plaintiff was forced to hold up the weight of the trailer to prevent it from crushing his legs. Plaintiff asserts that the accident caused a herniated disc and pinched nerves in his back.

To the extent Plaintiff wishes to claim Defendant Cox negligently supervised the inmate driving the tractor, he cannot sustain such a claim in this lawsuit. An allegation that defendants acted with negligence in causing Plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31

(1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff asserts no constitutional violations by Defendant Cox, therefore Plaintiff's claim against Defendant Cox should be dismissed.

Plaintiff names the State of Georgia as a Defendant in this case. The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). As the State of Georgia has not consented to be sued in this Court, Plaintiff's claims against the State of Georgia cannot be sustained. Plaintiff's claims against Rogers State Prison should also be dismissed. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim.

**SO REPORTED** and **RECOMMENDED**, this 21st day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE